UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SUZETTE YOKUM**                                   **CASE NO. 6:21-CV-01522**

**VERSUS**                                          **JUDGE ROBERT R. SUMMERHAYS**

**STATE OF LOUISIANA ET AL**                        **MAGISTRATE JUDGE DAVID J. AYO**

## ORDER

Now before this Court are three motions for relief filed by the parties in this case: (1) a motion to quash subpoenas by Plaintiff Suzette Yokum (Rec. Doc. 25); (2) a motion for extension of certain pretrial deadlines by Plaintiff (Rec. Doc. 26); and (3) a motion for a status conference and for expedited consideration of Plaintiff's motion to quash filed by Defendant Union Pacific Railroad Co. (Rec. Doc. 28).

The jury trial of this matter, most recently set before U.S. District Judge Robert R. Summerhays on March 6, 2023, was previously continued from its original date of October 3, 2022. (Rec. Docs. 6, 17). By Minute Entry of February 13, 2023, the trial of this matter was again continued without date. (Rec. Doc. 32). Considering the foregoing, it is hereby

ORDERED that Defendant's motion for status conference and expedited consideration of Plaintiff's motion to quash (Rec. Doc. 28) is GRANTED. Accordingly, a telephone scheduling and status conference is now set before the undersigned on FRIDAY, FEBRUARY 24, 2023 at 11:00 A.M. Counsel will join the teleconference by dialing 888-684-8852 and entering access code 5910394. Counsel should be prepared to select new pretrial conference and trial dates.

Considering the Court's recent continuance of the trial date, it is further

ORDERED that Plaintiff's motion for extension of pretrial deadlines (Rec. Doc. 26) is DENIED as MOOT.

Remaining for consideration is Plaintiff's motion to quash certain subpoenas issued to five insurers seeking production of documents. (Rec. Doc. 25). Specifically, Plaintiff complains that subpoenas issued by Defendant Union Pacific Railroad Company ("UP") to LCTA Risk Services, Inc. d/b/a Risk Management Services, Louisiana Farm Bureau Mutual Insurance Company, The Travelers Indemnity Company, American Zurich Insurance Company, and Progressive Casualty Insurance Company are untimely under the scheduling order and irrelevant to Plaintiff's claims in this suit. (Rec. Docs. 25, 30). Plaintiff also argues that production of the requested documents under these subpoenas would not allow sufficient time for Plaintiff to traverse any documents produced thereunder. (Rec. Doc. 25-1 at p. 6).

Considering the continuance of the trial date already granted, it is the finding of this Court that Plaintiff's motion should be denied as to timeliness. With the selection of new pretrial conference and trial dates will come a new scheduling order, which may be tailored to accommodate time for Plaintiff to traverse any documents produced under the subpoenas it desires. Plaintiff's motion to quash is also denied as to relevancy. Plaintiff's suit is for bodily injury and related pain, suffering and economic damages. (Rec. Doc. 1). It appears to the undersigned that the documents requested may pertain to potential pre-existing conditions, as well as to causation of the injuries alleged in this suit. Information about prior injuries and pre-existing conditions is relevant to Plaintiff's claims and Defendant's defense of those claims. *Watson v. Hicks*, 172 So. 3d 655, 675 (La. App. 4 Cir. 2015) (internal citations omitted) (explaining the governing principles of special damage awards, including the use of "contradictory evidence or reasonable suspicion

that [medical expenses] are related to the accident"). To the extent Defendant seeks the requested documents to show attorney-negotiated discounts, the Court also finds this an acceptable use under *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So.3d 702 (La. 2015) (specifying that attorney-negotiated discounts are an exception to the collateral source rule and any sums attributable to such discounts are not recoverable by a plaintiff). For this reason, it is hereby

ORDERED that Plaintiff's pending motion to quash (Rec. Doc. 25) is DENIED based on this Court's finding that the documents sought appear at this time to be relevant to Plaintiff's claims under Fed. R. Evid. 401 and 402, and the Court's additional conclusion that any potential prejudice to Plaintiff regarding time to traverse documents produced thereunder is now moot as a result of the continuance of the trial recently granted by Judge Summerhays.

SIGNED this 14th day of February, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**